David N. Abrams
305 Broadway, Suite 601
New York, NY 10007
(212)897-5821
dnabrams@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

Father Peter Stravinskas,

                      Plaintiff,

    --against –

Ocean County College

                      Defendant.
-----------------------------------------------------------------X

**COMPLAINT**

**21-CV-**

Plaintiff FATHER PETER STRAVINSKAS ("plaintiff"), by counsel, DAVID N. ABRAMS, upon personal knowledge, complaining of defendant, OCEAN COUNTY COLLEGE, ("Defendant" or "the College") alleges:

**NATURE OF THE ACTION**

1. This action seek recovery for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*. ("Title VII") and the New Jersey Law Against Discrimination ("NJ LAD").

2. Defendants deprived Plaintiff of the protections of Title VII and the NJ LAD by engaging in discrimination and retaliation.

## JURISDICTION & VENUE

3. Jurisdiction is proper based on a federal question and civil rights under 28 U.S.C. §§ 1331 and 1343(a)(4).

4. Venue is proper under 28 U.S.C. § 1391 because the cause of action arose in the District of New Jersey, and all parties reside there.

5. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

## THE PARTIES

### Plaintiff

6. Plaintiff resides in Pine Beach, New Jersey, within the Federal District of New Jersey.

7. Plaintiff was employed as a teacher at Ocean County Community College.

8. Plaintiff filed charges of discrimination and retaliation at the Equal Employment Opportunity Commission on or about October 31, 2017 and June 20, 2018.

9. On or about September 9, 2021, Plaintiff received a Notice of Right to Sue Letter ("NORTS") from the EEOC for each charge.

10. Plaintiff filed this action within 90 days of receipt of the NORTS.

### Defendants

11. Defendant Ocean Count Community College is an educational corporation with its principal executive office located in Tom River, New Jersey, in the District of New Jersey.

12. Defendant is an "employer" under Title VII.

13. Defendants employ 501 or more employees.

## DEFENDANT'S DISCRIMINATION AGAINST PLAINTIFF

14. At all times, Plaintiff was qualified to perform the duties of his job as a teacher and the vacancies for which he applied.

15. Plaintiff authored approximately 50 books and over hundreds of articles, and has had numerous teaching positions.

16. Plaintiff commenced work with Defendant in the Spring of 2014.

17. Plaintiff's work performance was satisfactory or better, and he received very positive evaluations from his students.

18. Plaintiff applied for numerous positions from Defendant, all of which he was qualified to perform, as follows:

    a. English Lecturer: Fall 2016 and Spring 2017

    b. Education Lecturer: Spring 2015

    c. Communication Lecturer: Summer 2015

    d. Dean, School of Language and Arts: Spring 2014

    e. Philosophy Lecturer: Fall 2014

19. Defendant refused to hire Plaintiff in these positions, despite the fact that Plaintiff was qualified and had credentials superior to those candidates whom Defendant hired to fill these vacancies.

20. President Jon Larson told a member of the College Board that Plaintiff's resume was "too Catholic," leading to the conclusion that Defendant did not hire Plaintiff because he is a Catholic priest.

21. President Larson later wrote that Plaintiff was "highly regarded," but Plaintiff was not hired

       for two subsequent Lecturer positions in English, despite the fact that Plaintiff was more qualified than the candidates hired to fill these vacancies.

22. Plaintiff filed a charge of discrimination on or about October 30, 2017, Charge Number 520-2018-00107.

23. After Plaintiff filed said charge of discrimination at the EEOC, and Defendant received notice of the charge of discrimination, Defendant retaliated against Plaintiff by refusing to assign courses to him for subsequent semesters, effectively causing Plaintiff to be terminated from the College.

24. For instance, in or about December 2017, Plaintiff learned that he would not have any courses for the upcoming Spring 2018 semester, for the first time since 2014.

25. Subsequent to that, Defendant ceased assigning courses to Plaintiff in retaliation for his claims of discrimination.

26. Defendant's course of conduct constitutes a continuing violation under Title VII and the NJ LAD.

### FIRST CAUSE OF ACTION
### (Violation of Title VII)

27. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

28. Defendant discriminated against Plaintiff by refusing to hire Plaintiff, when he was the most qualified applicant, because of Plaintiff's Catholic religion and being a Catholic priest, in violation of Title VII.

29. Defendant's discrimination resulted in the effective termination of Plaintiff.

30. Plaintiff suffered economic and non-economic damages as a result of Defendant's discrimination.

### SECOND CAUSE OF ACTION
### (Violation of Title VII: Retaliation)

31. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

32. Plaintiff complained of discriminatory treatment by filing a charge of discrimination at the EEOC.

33. Defendant terminated Plaintiff, by refusing to assign further courses to him, after he filed his charge of discrimination.

34. Defendant retaliated against Plaintiff in violation of Title VII.

35. Plaintiff suffered economic and non-economic damages as a result of Defendant's retaliation.

### THIRD CAUSE OF ACTION
### (Violation of NJ LAD)

36. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

37. Defendant is an "employer" under the NJ LAD.

38. Defendant discriminated against Plaintiff by refusing to hire him, on the basis of his religion, for positions for which he was the most qualified, in violation of the NJ LAD.

39. Plaintiff suffered economic and non-economic damages as a result of Defendant's discrimination.

### FOURTH CAUSE OF ACTION
### (Violation of the NJ LAD: Retaliation)

40. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

41. Plaintiff complained of discriminatory treatment, in violation of Title VII, by filing a charge of discrimination at the EEOC.

42. Defendant terminated Plaintiff by refusing to hire him after he filed his charge of discrimination.

43. Defendant retaliated against Plaintiff, in violation of the NJ LAD.

44. Plaintiff suffered economic and non-economic damages as a result of Defendant's retaliation.

## DEMAND FOR JURY TRIAL

45. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. That this court award the Plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, compensatory damages, punitive damages, and an injunction against the employer for any further violations, as well as pre-judgment interest, for Defendant's willful unlawful termination and retaliation in violation of Title VII;

b. That this court award the Plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, compensatory damages, punitive damages, and an injunction against the employer for any further violations, as well as pre-judgment interest, for Defendant's willful unlawful termination and retaliation in violation of the NJ LAD;

c. awarding plaintiff pre-judgment and post-judgment interest under Title VII and

the NJ LAD;

      d.      granting an injunction requiring defendants to rehire Plaintiff;

      e.      awarding plaintiff reasonable attorneys' fees and costs pursuant to Title VII and the NJ LAD; and

      f.      awarding such other and further relief as the Court deems just and proper.

Dated:    New York, NY
             November 30, 2021

                                              David N. Abrams

                                              305 Broadway, Suite 601
                                              New York, NY 10007
                                              (212) 897-5821 (Tel)
                                              (212) 897-5811 (Fax)
                                              dnabrams@gmail.com
                                              *Attorney for Plaintiff*